UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

RESILIENT LIFE, CARE LLC,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

Case No: 22-cv-12382
Hon. Matthew F. Leitman

---

## **STIPULATED PROTECTIVE ORDER**

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over claims of confidentiality, and to provide adequate protection for business and personal information, this Confidentiality Agreement ("Agreement") is entered into by and between Plaintiff Resilient Life Care, LLC and Non-Party Mitchell International. The Parties agree to seek promptly the Court's approval of this Agreement as a Protective Order, and to seek approval of an appropriately modified Agreement if this version is not approved by the Court.

This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for

1

sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only, (v) a memorandum of legal authority supporting the seal. See Local Rule 5.3. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal.

1. For purposes of this protective order, "Confidential Information" means information, documents, or things that any party providing discovery, including persons or entities who are not parties to this lawsuit (a "Producing Party"), reasonably believes, in good faith, to contain or constitute trade secrets or other information that is confidential or proprietary to that party.

2. Any documents and things, answers to interrogatories, answers to deposition questions, responses to requests for admissions, or any other materials or portions thereof containing Confidential Information and produced in discovery in this action by any Producing Party, may be designated and marked by the Producing Party as "CONFIDENTIAL," in the manner set forth below. Any material that is so marked, together with any copies, abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, shall be referred to in this Protective Order and in this action as "Confidential Material."

3. All documents deemed by the Producing Party to be subject to this Protective Order shall be visibly marked as "CONFIDENTIAL" at the time of production or disclosure to be subject to this Protective Order. The designation of a multi-page Document as "CONFIDENTIAL" on the first page only shall be sufficient to make the entire Document subject to that designation. If such is not the intent of the Producing Party, only those pages deemed in good faith to be subject to such designation shall be so marked.

4. Confidential Information, including documents designated as "CONFIDENTIAL" under this Protective Order, may only be disclosed by the parties to following persons:

    a. The parties to this litigation, including officers and employees of (i) Plaintiff, Resilient Life Care, LLC and (ii) Mitchell International who are involved in the litigation decision-making process on behalf of their respective companies in this action;

    b. Counsel for the parties, including counsel for Mitchell International and employees supervised by counsel who are engaged in the conduct of the litigation of this case, including any appeal or alternative dispute resolution procedures;

    c. The Court and persons employed by the Court;

    d. Case evaluators, mediators, arbitrators and/or facilitators, and adjusters/counsel (and those working under the direction of such adjusters/counsel) of insurance companies providing coverage to any party in this action;

e.  Court reporters, recorders, and videographers;

f.  Outside vendors hired for the limited purpose(s) of making photocopies of documents, exhibits, enlargements, and/or the operation of video recording equipment;

g.  Any person called as a deponent or witness at any deposition, hearing (including alternative dispute resolution hearings), or trial in this matter;

h.  Any person designated by the Court upon such terms as may be determined by the Court;

i.  Consultants, investigators, and experts (hereinafter collectively referred to as "experts") employed or retained by a party or counsel for a party to assist in the preparation and conduct of this case;

j.  Any person interviewed by counsel as a potential witness to the extent deemed necessary by counsel in order to examine such witness;

k.  Any person identified on the face of a document as its originator or author, or identified as a recipient of the document or copy thereof; and

l.  Any other person to whom the parties agree in writing.

5. Nothing in this Protective Order shall impose any restriction on the use or disclosure by any person of Confidential Information lawfully and properly obtained by the person (i) independent of proceedings in the Litigation, whether or not said Confidential Information is also obtained during proceedings in the

Litigation, or (ii) during the course of litigation but prior to the entry date of this protective order. This provision shall not act as a waiver of any party's right to make an application to the Court to further limit disclosure of any Confidential Information.

6. If a document or deposition transcript containing "Confidential Information" is filed with the Court, it shall be filed with the Clerk of the Court in a sealed envelope marked with the caption of the case, a schedule of the contents of the envelope, and the following notation:

**"Contains CONFIDENTIAL INFORMATION:
To Be Opened Only As Directed By the Court"**

7. Should a need arise during the trial or any hearing before the Court for any of the Parties to cause "Confidential Information" to be disclosed in open court, it may do so only upon stipulation of the producing party or after the producing party is given reasonable notice of such intended disclosure and is given a reasonable opportunity to seek safeguards from the Court.

8. All Confidential Information and Material shall be handled in the manner set forth in this Protective Order and shall not be used by anyone other than the Producing Party or Receiving Party for any business purpose, or any purpose other than the prosecution, defense, or settlement of this action, unless and until such designation is removed by the Producing Party or by order of this Court. This

obligation shall survive the termination or settlement of these proceedings and shall continue after this Court ceases exercising jurisdiction over the parties.

9. If any Confidential Information or Material is summarized, discussed or quoted at any deposition, all persons other than those to whom disclosure is permitted hereunder may be excluded from such portion of the deposition at the request of the Producing Party.

10. Except as provided in paragraph 4 herein, counsel for the parties shall keep all Confidential Information and documents which are received under this Protective Order secure within their exclusive possession and shall place such documents in a secure area. Counsel shall endeavor to collect all confidential documents from those persons who were provided copies of said documents after said persons' involvement in the litigation of this matter is concluded.

11. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. Moreover, the failure to designate information in accordance with this Protective Order and the failure to object to a designation at a given time shall not preclude the later designation of such or objection thereto. The entry of this Protective Order shall not be construed as a waiver of any right to object to the disclosure of information in response to discovery, and shall not relieve any party of the obligation of producing information in the course of discovery.

12. Nothing contained in this Protective Order is intended to require the production of non-relevant or privileged documents or to prevent a party from withholding production on those grounds. This Protective Order is without prejudice to the right of any party to bring a motion for a separate protective order as to any document or information seeking protections which differ or are greater than those specified herein. Any privileged documents inadvertently produced shall, upon request from the Producing Party, be immediately returned to that party.

13. Non-parties to this litigation who receive subpoenas or other discovery requests that would require the disclosure of Confidential Information or Material may invoke the provisions of this Protective Order.

14. Any party may at any time move this Court for an order changing the designated status of Confidential Information or Material or otherwise relieving the party from any restrictions contained in this Protective Order. That party shall not make such a motion, however, until it requests the Producing Party in writing to change the designated status of Confidential Information or Material or otherwise relieve the party from any other restrictions contained in this Protective Order, and the Producing Party refuses to grant the party's request. The Producing Party's failure to respond to such a request within five business days shall be deemed to be a refusal. Pending resolution of the motion, the involved item shall be treated in accordance with its designated status.

15. Upon termination or settlement of this action, including all appeals, each party shall, upon written request by the Producing Party, either (a) return to the Producing Party all Confidential Information and Material produced in discovery, including all copies, summaries, or abstracts not containing attorney work product or information covered by the attorney-client privilege, or (b) destroy, and certify such destruction in writing to the Producing Party, all Confidential Information and Material produced in discovery, including all copies, summaries, or abstracts not containing attorney work product or information covered by the attorney-client privilege; provided, however, that in either case, outside counsel for each party may keep one or more archival copies of all pleadings or other documents filed with this Court (or any arbitrators, mediators, or facilitators) and one or more archival copies of any deposition transcripts or exhibits, and any other discovery and trial-related materials that contain Confidential Information or Material.

16. This Protective Order may be signed in counterparts.

**IT IS SO ORDERED.**

*This Order is not final and does not close this case.*

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 26, 2023

Stipulated and agreed to:

Approved as to form, only:

/s/ Martin A. Hogg
MARTIN A. HOGG (P76312)
Attorney for Plaintiff
Dated:  September 26, 2023

/s/ Stephanie N. Kastaw
Stephanie N. Kastaw (P84144)
Attorney for Non-Party Mitchell International
Dated:  September 26, 2023